UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA          :

       -against-                              :          S7 13-CR-521-05 (LTS)

SLAWOMIR SOBORSKI,                    :

                  Defendant.        :
-------------------------------------------------------x

## SECOND MEMORANDUM IN AID OF SENTENCING ON BEHALF OF DEFENDANT SLAWOMIR SOBORSKI

William J. Stampur, ESQ.
Stampur and Roth
Attorney for the Defendant
SLAWOMIR SOBORSKI
299 Broadway, Suite 800
New York, NY 10007
212-619-4240

Mr. Slawomir Soborski, whose sentence is now scheduled for September 13, 2016, respectfully submits this Second Sentence Memorandum to further aid in his sentencing and in response to the Government's submission of November 5, 2015.

As noted in my original submission of October 8, 2015 what initially brought Mr. Soborski to Thailand and his subsequent involvement with his co-defendants was his email response to co-defendant Joseph Hunter, with whom he had no prior connection. His email communications were in keeping with his normal procedures in securing legitimate employment in the field of security.

Initially it is important to note, the Government's sentencing submission goes into detail re: "bonus money" and his (Hunter's) bonus braggadocio pronouncements in Thailand not even knowing whether Hunter's statement(s) are true, but most significantly not relevant for Mr. Soborski's sentence.

Mr. Soborski had nothing to do with the so-called "bonus work" that ensnared three of his other four co-defendants and he is not charged with those offenses and they should not be given any consideration in determining his sentence.

The Government does correctly point out that at a meeting with their confidential source (CS-1) in an individual sit down with Mr. Soborski, their CS-1 states "We just need security from you guys. That…that's your job. Your job is security" (Gov't submission page 8).

The majority if not the entirety of Mr. Soborski's work was providing security.

In Thailand Mr. Soborski performed surveillance on a boat taking a series of photographs.

In Mauritius, Mr. Soborski provided security per instructions given to him.

1

In the Bahamas, Mr. Soborski's security and surveillance were the main pre-occupation re: the loading and departure of an airplane.

In the Bahamas Mr. Soborski was in a hotel room while discussion(s) took place re: "bonus work". However, he did not participate in those discussion(s) and was not even present for the entirety of them. Mr. Soborski sat on the corner of a bed, said nothing and as the Government is aware had nothing to do with any "bonus work".

Mr. Soborski and co-defendant Michael Filter both plead guilty after receiving a Pimentel letter from the Government and not pursuant to a plea agreement. Both Mr. Filter's and Mr. Soborski's sentencing guidelines exposure were the same in their respective Pimentel letters and Pre Sentence Report's (PSR's).

The Court imposed an eight-four (84) month sentence on Mr. Michael Filter.

Mr. Soborski unlike Mr. Filter had no prior connection to any other co-defendant until his initial arrival in Thailand re: his response for employment.

Mr. Soborski's sentence has been adjourned multiple times as a result of major health issues, all stemming from his initial arrest in Estonia and developments in his physical condition while housed at the MDC. As noted in his PSR (¶ 99) and counsel's first submission when Mr. Soborski was arrested in Estonia, the Estonian authorities violently mistreated him for absolutely no reason, ultimately resulting in emergency surgery in Estonia.

His condition worsened in the prison he was literally "thrown into" and lack of any follow-up care while in Estonia. For those seven months he suffered extreme abdominal and lower back pain as a result of this emergency splenectomy.

Since his arrival in the United States and his confinement at the MDC he had further complications. It took approximately another twenty months to get corrective surgery re: the operation in Estonia. He was removed on a number of occasions to a local hospital prior to his follow up operation, an extremely painful, frustrating and time consuming bureaucratic process. Mr. Soborski now is keenly aware physically he will never be the same as before his arrest.

In addition, prior to his corrective surgery he fell in the prison shower at the MDC and tore his meniscus. As a result he needed a further operation which was recently performed and is now undergoing limited rehabilitation. (Counsel possesses voluminous medical records if the Court so desires their production.)

The end result is Mr. Soborski has now been incarcerated approximately thirty six months. He has no relatives and or contacts within the United States. Counsel has been the vehicle and acted as the intermediary for Mr. Soborski's limited money is in his commissary.

Upon completion of his sentence he will be placed into ICE custody for a further extended period of time.

He is not eligible for any programs in the BOP nor halfway house designation as a citizen of Poland.

I respectfully request the Court take into account these factors and that Mr. Soborski's conduct in this case is distinguishable from every other co-defendant. He is truly remorseful for his actions. At this point in his life Mr. Soborski's concerns are centered on restoring and improving his health as much as possible and returning to his family and home country.

In my original submission I respectfully asked the Court consider a sentence of 60 months or less in accomplishing the goals of punishment and deterrence. Given these changed circumstances in Mr. Soborski's physical condition and incarceration(s) in Estonia and New York, I respectfully request the Court consider a sentence of time served.

I thank the Court for its consideration of the issues presented herein.

Very truly yours,

William J. Stampur

cc: AUSA Emil J. Bove (by ECF)
     AUSA Michael D. Lockard (by ECF)
     AUSA Anna M Skotko (by ECF)
     Emily P. Frankelis (by email)